SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
By: Craig J. Hubert, Esq., NJAID# 030721990
A Professional Corporation
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
T: 609-275-0400; F: 609-275-4511
Attorneys For Plaintiff, Jeremy D. Rhen

| | |
|---|---|
| JEREMY D. RHEN,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MERCER COUNTY<br><br>DOCKET NO: MER-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, JEREMY D. RHEN, residing at 102 Howard Way, in the Borough of Pennington, County of Mercer and State of New Jersey 08534, by way of Complaint, states:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff, JEREMY D. RHEN, resides at 102 Howard Way, in the Borough of Pennington, County of Mercer and State of New Jersey 08534.

2. Defendant, COSTCO WHOLESALE CORPORATION, owned, occupied, controlled and/or maintained the premises commonly known as "Costco", an entity located at 4100 Quakerbridge Road, in the Township of Lawrence, County of Mercer and State of New

Jersey 08648. Said Defendant may be served in care of registered agent C T Corporation System, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

3. Defendant, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), battered Plaintiff, JEREMY RHEN, on the head and torso, causing serious injury.

**COUNT ONE**

4. Plaintiff, JEREMY D. RHEN, repeats the prior allegations and makes same part of this Count by reference as if set forth at length.

5. On or about the 1st day of September 2022, Plaintiff, JEREMY D. RHEN, was a business invitee, and member of Costco. He was lawfully on the property located at 4100 Quakerbridge Road, in the Township of Lawrence, County of Mercer and State of New Jersey 08648.

6. At said time and place aforesaid, Defendant, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), a known trespasser without cause or justification did attack and thereby injure Plaintiff, JEREMY RHEN.

7. Defendant, COSTCO WHOLESALE CORPORATION, was negligent, grossly negligent, careless, reckless, and/or willful or wanton in failing to keep the premises in a safe condition, and/or failing to provide proper security, for persons allowed and/or invited, to use the property.

8. Defendant, COSTCO WHOLESALE CORPORATION, owed a duty to Plaintiff, JEREMY D. RHEN, to maintain, support and supervise a safe hazard free environment for business invitees.

9. As a direct and proximate result of Defendant, COSTCO WHOLESALE CORPORATION's, breach of their duty to Plaintiff, JEREMY D. RHEN, Plaintiff, JEREMY D.

RHEN, was caused to suffer and sustain severe, disabling, and permanent injuries, and has and will in the future be caused to obtain medical treatment, and has been and will in the future be caused to refrain from normal pursuits.

WHEREFORE, Plaintiff, JEREMY D. RHEN, demands judgment against Defendant, COSTCO WHOLESALE CORPORATION, for:

A. General damages;

B. Compensatory damages;

C. Cost and interest;

D. Attorney's fees;

E. Any other relief the Court deems just and equitable.

**COUNT TWO**

10. Plaintiff, JEREMY D. RHEN, repeats the prior allegations and makes same part of this Count by reference as if set forth at length.

11. At said time and place aforesaid, Defendant, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), without cause or justification did negligently, carelessly, recklessly, and wantonly have bodily contact with and thereby injure Plaintiff, JEREMY D. RHEN.

12. As a result of the negligence of Defendant, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), Plaintiff, JEREMY D. RHEN, was caused to suffer and sustain severe, disabling, and permanent injuries, and has and will in the future be caused to obtain medical treatment, and has been and will in the future be caused to refrain from normal pursuits.

WHEREFORE, Plaintiff, JEREMY D. RHEN, demands judgment against Defendant, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), for:

A. General damages;

B. Compensatory damages;

C. Cost and interest;

D. Attorney's fees;

E. Any other relief the Court deems just and equitable.

**COUNT THREE**

13. Plaintiff, JEREMY D. RHEN, repeats the prior allegations and makes same part of this Count by reference as if set forth at length.

14. At all times hereinafter mentioned, Defendant, JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and in gross negligence allowed a hazardous condition to exist and willingly and/or wantonly exercised disregard for Plaintiff by exposing Plaintiff in said dangerous and hazardous condition created by said defendants' failure to properly manage and control the property located at 4100 Quakerbridge Road, in the Township of Lawrence, County of Mercer and State of New Jersey 08648, as well as in their failure to provide proper and adequate security and safeguards. At all times hereinafter mentioned, Defendants, JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, were acting as agents, servants, and/or employees of defendants, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers,

Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally.

15. As a result of the negligent failure of Defendants, JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally, Plaintiff, JEREMY D. RHEN, was caused to suffer and sustain severe, disabling, and permanent injuries, and has and will in the future be caused to obtain medical treatment, and has been and will in the future be caused to refrain from normal pursuits.

WHEREFORE, Plaintiff, JEREMY D. RHEN, demands judgment against Defendants, JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally, for:

A. General damages;

B. Compensatory damages;

C. Cost and interest;

D. Attorney’s fees;

E. Any other relief the Court deems just and equitable.

## CERTIFICATION

PLEASE TAKE NOTICE pursuant to the provisions of R.4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

PLEASE TAKE NOTICE take notice that the undersigned attorney, counsel for Plaintiff, hereby demands pursuant to R. 1:5-1(a) and R. 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney, and take notice that this is a continuing demand.

## DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE pursuant to R. 4:17-1(b), Plaintiff hereby demands that Defendants provide answers to the uniform Interrogatories set forth in Form C of Appendix II of the Rules Governing the Courts of the State of New Jersey.

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE pursuant to R. 4:17, Plaintiff hereby demands that the Defendants provide answers to the Supplemental Interrogatories attached herein.

## DEMAND TO ANSWER NOTICE TO PRODUCE

PLEASE TAKE NOTICE pursuant to R. 4:18-1, Plaintiff hereby requests that the Defendants respond to the Notice to Produce attached herein within the time prescribed by the Court Rules.

**DEMAND FOR DISCOVERY OF INSURANCE**

PLEASE TAKE NOTICE pursuant to R. 4:10-2(b) demand is hereby made that Defendants respond to the Demand for Discovery of Insurance attached herein.

**DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that attorney, Craig J. Hubert, Esq., is hereby designated as trial counsel in the above captioned litigation for the firm of Szaferman, Lakind, Blumstein & Blader, P.C.

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all issues so triable.

**NOTICE PURSUANT TO R. 1:7-1(b)**

PLEASE TAKE NOTICE Plaintiff intends to utilize the time-unit basis for calculating unliquidated damages in Plaintiff's closing statement to the jury and the Court.

**NOTICE OF DISCOVERY DEPOSITIONS SUBJECT TO AUDIOVISUAL RECORDING PURSUANT TO R. 4:14-1, ET SEQ.**

PLEASE TAKE NOTICE, that in accordance with the Rules Governing the Courts of the State of New Jersey, Pursuant to R. 4:14-1, et seq., each discovery deposition conducted shall be subject to audiovisual recording pursuant to R. 4:14-9. This notice is being served in accordance with R. 4:14-2(a) and R. 4-14-9(b).

**SZAFERMAN, LAKIND,**
**BLUMSTEIN & BLADER, P.C.**
Attorneys for Plaintiff

BY: ______________________
Craig J. Hubert, Esq.

Dated: 8·26·24

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
By: Craig J. Hubert, Esq., NJAID# 030721990
A Professional Corporation
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
T: 609-275-0400; F: 609-275-4511
Attorneys For Plaintiff, Jeremy D. Rhen

| | |
|---|---|
| JEREMY D. RHEN,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MERCER COUNTY<br><br>DOCKET NO: MER-L-<br><br>Civil Action<br><br>**PLAINTIFF'S DEMAND FOR UNIFORM AND SUPPLEMENTAL INTERROGATORIES** |

Pursuant to R. 4:17-1(b)(ii), Plaintiff hereby demands that each Defendant provide answers to the Uniform Interrogatories set forth in Form C of Appendix II, and Supplemental Interrogatories attached hereto.

Pursuant to R. 4:17-4(b), each Defendant shall serve answers upon Plaintiff within sixty (60) days from the date that this Demand was served.

**SZAFERMAN, LAKIND,**
**BLUMSTEIN & BLADER, P.C.**
Attorneys for Plaintiff

BY: ______________________
Craig J. Hubert, Esq.

Dated: 8.26.24

**SUPPLEMENTAL INTERROGATORIES**
**DIRECTED TO COSTCO WHOLESALE CORPORATION**

1. Describe the protocol, procedures, guidelines, standards, or policy to govern who is allowed to enter the property.

2. Describe all company-mandated or legally-mandated education or training requirements for employees in who are positioned to screen business invitees.

3. State where there exists any protocols, procedures, guidelines, standards, or policy manual(s) to govern or guide your agents, servants and/or employees, in the exercise of employment duties.

4. If the above interrogatory is answered in the affirmative, state whether your agents, servants, and/or employees followed these protocols, procedures, guidelines, standards, or policy manual(s) in the exercise of their duties on or about September 1, 2022, and if not, please explain in detail why they were not followed.

5. Describe any incidents on the premises in question involving other similar attacks at any Costco location in the United States within five (5) years prior to the occurrence alleged in the Complaint, including the exact location of each occurrence, how and why the incidents occurred, the nature of the injuries, together with the claim number(s) and docket number(s) of any lawsuits filed in connection with such injuries.

**CERTIFICATION**

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are the exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

By: ______________________________
COSTCO WHOLESALE CORPORATION

______________________________
Name - Printed

______________________________
Title

Dated: ____________

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
By: Craig J. Hubert, Esq., NJAID# 030721990
A Professional Corporation
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
T: 609-275-0400; F: 609-275-4511
Attorneys For Plaintiff, Jeremy D. Rhen

| | |
|---|---|
| JEREMY D. RHEN,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, JOHN/JANE DOE ASSAILANT 1-3, (a fictitious designation), JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MERCER COUNTY<br><br>DOCKET NO: MER-L-<br><br>Civil Action<br><br>**PLAINTIFF'S DEMAND FOR NOTICE TO PRODUCE** |

**INSTRUCTIONS FOR USE**

1. In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody or control, or that of your attorneys, employees, agents, investigators or other representatives, or is otherwise available to you.

2. If for any reason, you are unable to produce in full any document requested:

   a. Produce each such document to the fullest extent possible;

   b. Specify the reasons for your inability to produce the remainder; and

c. State in detail whatever information, knowledge or belief you have concerning the whereabouts and substance of each document not produced in full.

3. If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

a. The type of document;

b. The types of information contained therein;

c. The date upon which it ceased to exist;

d. The circumstances under which it ceased to exist;

e. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f. The identity of all persons who have knowledge or who had knowledge of the contents thereof.

4. For each document requested which you are unable to produce and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

a. The nature of the document, e.g., letter, memorandum, etc.;

b. The author of the document;

c. All recipients of the document;

d. A summary of the information contained in the document;

e. The date on which you lost, relinquished or otherwise ceased to have possession, custody or control of, or access to the document;

f. Identify all persons having knowledge of the circumstances whereby you lost, relinquished or otherwise ceased to have possession, custody or control of, or access to, the document;

g. Identify all persons who have or have had knowledge of the contents of the document, in full or in part.

5. In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents, and as to each document state:

a. The name of each author, writer, sender or initiator of each such document;

b. The name of each recipient, addressee or party to whom such document was sent or intended to be sent;

c. The name of each and every person who received a copy of the document;

d. The date of the document, or if no date appears on the document, the date the document was prepared;

e. The title of the document, or if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

f. The grounds claimed for withholding the document from discovery, e.g., attorney -client privilege, and the factual basis for the claim.

6. As to each document produced, you are requested to designate the paragraph and subparagraph of this request which each such document is responsive.

7. This request is a continuing one, and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this request.

**DEFINITIONS**

1. "Defendant(s)," "you" or "yours" means the Defendant(s) in the above-captioned matter, and the past and present employees, representatives, agents or attorneys of the Defendant(s).

2. "Any," "each" and "all" shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

3. "And" and "or" and any other conjunctions or disjunction used herein shall be read both conjunctively and disjunctively so as to require the production of all documents (as hereinafter described) responsive to all or any part of each particular request for production in which any conjunction or disjunction appears.

4. "Person" means an individual, firm, corporation, association, organization, partnership, proprietorship, corporation, L.L.C., or any other legal entity.

5. The term "document" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to correspondence, memoranda, notes, films, videos, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, magnetic cassette tapes, computer diskettes, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, orders, teletype messages, e-mail messages, minutes of meetings, interoffice communications, financial statements, ledgers, books of account, proposals, prospectuses, offers, purchase orders, receipts, working papers, desk calendars, computer calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts, and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

6. The term "video" as used herein refers to any visual or audiovisual recording however stored. Where a video is responsive to one of the following requests, you are requested to produce said video in the format in which it is kept in the ordinary course of business. If this is not possible, you are requested to produce the recording in a reasonably usable format.

**DOCUMENTS TO BE PRODUCED**

1. Any documents referred to, or alleged to give rise to any claim in the complaint.
2. Any documents identified in, or relied upon by Defendant(s) in answering discovery requests of any party.
3. All written or recorded statements from any party or witness related to the case.
4. Any document containing an admission on the part of any party.
5. All photographs related to any issue in the case.
6. All video recordings however stored related to any issue in the case.

7. All computer disks and/or data or files containing digital images related to any issue in the case.

8. All police reports related to the case.

9. All investigative reports related to the case.

10. All notes, documents, or diaries generated by Defendant(s) which arose from or are related to the case.

11. All notes, drawings, sketches, plats, diagrams or blueprints related to any issue in the case.

12. Any document, handbook, manual or treatise setting forth any duty, standard or principle related to any issue in the case.

13. Any insurance policy providing coverage to Defendant(s) for any issue in the case.

14. Any document or form submitted to any insurance company as a result of the incident giving rise to the case.

15. Any newspaper or magazine article related to or about any issue in the case.

16. Any document or form submitted to, or received from, any person or entity for the purpose of obtaining payment or coverage for any property loss related to the case.

17. If you allege any of the injuries Plaintiff contends were caused by the incident in issue were not caused by incident/accident, please produce the following documents:

a. all medical reports and documents upon which you rely;

b. copies of any and all pleadings, interrogatories, deposition or trial transcripts, or any other records upon which upon you will rely.

18. If you allege the Plaintiff has been involved in any previous or subsequent accidents or incidents or sustained any previous or subsequent injuries to those in question, please produce the following:

a. copies of all medical reports and documents upon which you will rely;

b. copies of any and all pleadings, interrogatories, deposition or trial transcripts, or any other records upon which you will rely.

19. If you intend to rely upon any journals, and/or medical or scientific treatises, produce the following:

a. If you intend to cross-examine any of the Plaintiff's experts by use of any medical or scientific treatises, or any treatises please attach copies of said documents.

b. If any of your expert witnesses intend to rely upon any medical or scientific treatises or any treatises or any publications and/or periodicals during direct or re-direct testimony, please attach copies of said documents.

20. If you allege the Plaintiff made any written admissions or declarations against interest as to the happening of the accident or the injuries sustained in the accident, please produce copies of any documents containing such admissions or declarations against interest.

21. If you allege that any of the Plaintiff's medical treatment was unnecessary, unreasonable or not related to the accident/incident forming the basis of this complaint, please attach copies of all documentation upon which you will rely to support these allegations.

22. If Plaintiff is asserting a lost wage claim or loss of income and you allege that the Plaintiff was not disabled for any of the period of time claimed, please attach copies of any documentation upon which your allegation is based.

23. If you allege that Plaintiff had any pre-existing medical condition, please attached copies of any medical records, reports and/or bills or any other documentation upon which you intend to rely to support this allegation.

24. Please attach copies of all defense medical examinations.

25. Please attach copies of any medical examinations performed at the request of any person or entity not a party to this matter.

26. Please attach copies of all written witness statements.

27. Please produce copies of any and all statements taken from any of your employees as a result of this accident.

28. Please produce copies of all statements taken by you, or anyone acting on your behalf or by any party to this action regarding the happening of this accident.

29. Please attach copies of any reports made to anyone concerning the incident which is the subject matter of this suit.

30. Provide a copy of all medical files, hospital records, doctor, chiropractor, physical therapist, treatment notes, records or documents related to Plaintiff's injuries in this case.

31. Provide a copy of all diagnostic test results, such as x-rays, CAT scans, EMG's and MRI's related to Plaintiff's injuries in the case.

32. Provide a copy of all legal files related to other personal injury litigation in which Defendant has been involved in the past ten (10) years either as a Plaintiff or a Defendant, including all pleadings, discovery responses and deposition transcripts of Defendant or any of his/her medical experts.

33. Provide a copy of all letters or documents used to retain or correspond with any expert in the case.

34. Provide a copy of all documents provided to any expert in the case.

35. Provide a copy of all documents received from any expert in the case.

36. Provide a copy of all reports received from any expert in the case.

37. Provide a professional resume or curriculum vitae for all experts in the case.

38. Provide a copy of all texts, treatises, professional articles or other authoritative material which was relied upon by any expert in formulating an opinion about any issue in the case.

39. Provide a copy of all photographs, videos or digital images taken by any expert or their staff in relation to the case.

40. Provide a copy of all deposition transcripts from other legal proceedings of any party or witness in this case.

41. Provide a copy of any expert report from other legal proceedings of any expert witness in this case.

42. Provide a copy of all documents related to any arrest or conviction of any party or witness in this case.

43. Provide a copy of any and all documents which may or will be issued as an exhibit at trial, arbitration, deposition or evidentiary hearing in this matter.

44. The full name, current address, phone number, and statements, whether written, recorded, or otherwise, of any and all witnesses to this case including any person who may be called to testify on your behalf.

45. Copies of any and all documents secured by you regarding this case, whether secured via subpoena, authorization, or otherwise specifically including all fruits of your subpoenas. Accept this and all requests as a continuing request throughout this litigation.

46. A true copy of the actual policy of insurance in effect on the day of this incident.

47. Defendant shall provide Plaintiff the following in regards to any surveillance and/or video and/or images taken in investigation of Plaintiff:

a. Any and all logs that were kept concerning the filming of the video and/or images;

b. A list of all teams, team members and other personnel involved in the surveillance and/or filming of the video and/or images along with the times those individuals were involved in the taping or editing and the location of those individuals at the time of the taping or editing and what those individuals were instructed to observe;

c. A list of all people involved in the editing of the video and/or images along with the times they worked on said video and/or images and a detailed description of what they edited to include:

i) Portions of original video, images or data removed;

ii) Voice-overs

iii) Portions of the video, images or data clarified;

iv) Any other editing job performed by these individuals.

d. A list of all people speaking on the video and/or images and what times those people were present for filming or recording or editing;

e. A description of what is contained on the videos, disks, videotapes, and/or other stored images;

f. An explanation of what is contained in the videos, disks, videotapes, and/or other stored images;

g. A detailed explanation of what the Defendant claims is shown by the videos, disks, videotapes, and/or other stored images.

h. A labeled set of video and/or images files with each video and/or image file named according to its contents.

i. A list of all people associated with the surveillance, filming, recording, editing, production, viewing, delivery and otherwise involved in any manner with the videos, disks, videotapes, and/or other stored images

recorded and when each person was involved with said recordings and what they did with or to said recordings.

j. A list of all the equipment used in the filming or recording of the video and/or images including the model numbers of such equipment.

k. All invoices, billing, charges and receipts regarding the payment and billing for any and all surveillance effort including but not limited to invoices, canceled drafts, proof of payment, bills, fee schedules, reimbursements for mileage, expenses and equipment.

l. Unedited/un-redacted copies of the original videos, disks, videotapes, and/or other stored images video, and surveillance logs.

**SZAFERMAN, LAKIND,**
**BLUMSTEIN & BLADER, P.C.**
Attorneys for Plaintiff

BY: ______________________
Craig J. Hubert, Esq.

Dated: 8·26·24

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
By: Craig J. Hubert, Esq., NJAID# 030721990
A Professional Corporation
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
T: 609-275-0400; F: 609-275-4511
Attorneys For Plaintiff, Jeremy D. Rhen

| | |
|---|---|
| JEREMY D. RHEN,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, JOHN/JANE DOE ASSAILANT 1-3 (a fictitious designation), JOHN/JANE DOE 1-100, ABC CORPORATION 1-100 and/or XYZ PARTNERSHIP 1-100, representing one or more fictitious individuals or entities, individually, jointly, and severally, JOHN/JANE DOE 101-200, ABC CORPORATION 101-200, and/or XYZ PARTNERSHIP 101-200, representing one or more fictitious persons or entities consisting of Directors, Officers, Principals, Partners, Boards, Board Members or Representatives or Agents, individually, jointly, and severally,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MERCER COUNTY<br><br>DOCKET NO: MER-L-<br><br>Civil Action<br><br>**PLAINTIFF'S DEMAND FOR DISCOVERY OF INSURANCE** |

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**YES ( ) NO ( )**

If the answer is "yes", attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d)names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has

custody and possession thereof (i) where and when each policy or agreement can be inspected and copied.

**SZAFERMAN, LAKIND,**
**BLUMSTEIN & BLADER, P.C.**
Attorneys for Plaintiff

By: ______________________________
Craig J. Hubert, Esq.

Dated: 8·26·24