**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEREMY D. RHEN | : Civil Action No. 3:24-cv-09583 |
| Plaintiff(s) | : Hon. J. Brendan Day |
| v. | : **JOINT PROPOSED DISCOVERY PLAN** |
| COSTCO WHOLESALE CORPORATION, et.al. | : |
| Defendant(s) | : |

1.    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented. **Craig J. Hubert, Esquire, Szaferman, Lakind, Blumstein & Blader P.C., Quakerbridge Executive Center, 101 Grovers Mill Road, Suite 200, Lawrenceville, New Jersey 08648 Phone 609-275-0400; Facsimile 609-275-4511. Attorney for Plaintiff**

**Robert A. Ballou, Jr., Garvey Ballou, 1973 Route 34, Suite 204, Wall, New Jersey 07719; P.O. Box 730, Allenwood, New Jersey Phone 732-341-1212; Facsimile 732-240-6704. Attorney for Defendant**

2.    Set forth a brief description of the case, including the causes of action and defenses asserted while at the Costco location in Lawrence Towship, New Jersey, plaintiff, Jeremy Rhen was assaulted by an individual who fled the warehouse. Plaintiff alleges he sustained injuries as a result of the assaulted.

3.    Have settlement discussions taken place?  Yes _____ No __**X**__

(a)    What was plaintiff's last demand?

(1)    Monetary demand: $ __**None**__

      (2)     Non-monetary demand:  **None**

(b)     What was defendant's last offer?

      (1)     Monetary offer:  $ **None**
      (2)     Non-monetary offer:  **None**

4.     The parties have met pursuant to Fed. R. Civ. P. 26(f).

5.     The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor. **<u>Due January 31, 2025</u>**

6.     Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **None that the parties are aware of at this time.**

7.     The parties have not filed disclosures of third-party litigation funding.  See Local Civil Rule 7.1.1.

8.     The parties have not conducted discovery other than the above disclosures.  If so, describe._____

9.     Proposed joint discovery plan:

(a)     Discovery is needed on the following subjects: **Liability and Damages**

(b)     Discovery should not be conducted in phases or be limited to particular issues. Explain: _____

(c)     Proposed schedule:

      (1)     Fed. R. Civ. P. 26 Disclosures filed by **January 31, 2025**.

      (2)     E-Discovery conference pursuant to L. Civ. R. 26.1(d) **January 16, 2025, at 3pm** before Honorable Magistrate J. Brendan Day.

      (3)     Service of initial written discovery on or before **February 28, 2025.**

      (4)     Maximum of 25 Interrogatories by each party to each other party.

      (5)     Maximum of  10 depositions to be taken by each party.

      (6)     Motions to amend or to add parties to be filed by **April 30, 2025.**

      (7)     Factual discovery to be completed by  **August 30, 2025**.

      (8)     Plaintiff's expert report due on **September 30, 2025.**

      (9)     Defendant's expert report due on **November 30, 2025.**

      (10)    Expert depositions to be completed by **January 31, 2026.**

(11)   Dispositive motions to be served within 30 days of completion of discovery.

(d)   Set forth any special discovery mechanism or procedure requested.
**None at this time**

(e)   A pretrial conference may take place on _____.

(f)   Trial date: _____ ( X Jury Trial; _____ Non-Jury Trial).

10.   Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes ____ No **X**. If so, please explain  depositions maybe completed over zoom and expert trial testimony may be presented via videotape.

11.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes  X   No .

If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.
**Defendant will require a Confidentiality order.**

12.   Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S **Yes.**

13.   Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No **X**.

14.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.) _____.

15.   Is this case appropriate for bifurcation? Yes ____   No **X**

16.   An interim status/settlement conference (with clients in attendance) should be held in _____.

17.   We do  **X**  do not _ consent to the trial being conducted by a Magistrate Judge.

18.   Identify any other issues to address at the Rule 16 Scheduling Conference.

_____

/s/ Thomas J. Manzo, Esquire / January 15, 2025

Attorney(s) for Plaintiff(s) / Date

*Robert A. Ballou, Jr*     January 15, 2025

Attorney(s) for Defendant(s) / Date