**GARVEY BALLOU**

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PO Box 730
Allenwood, NJ 08720
(732) 341-1212
Attorneys for Defendant/Third-Party Plaintiff, Costco Wholesale Corporation
Our File No.   131.25793- RAB/mb
Attorney ID#: 017381982

|  |  |
|---|---|
| JEREMY D. RHEN,<br><br>            Plaintiff,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br>ET. AL.<br><br>            Defendants<br><br>And<br><br>COSTCO WHOLESALE CORPORATION,<br><br>            Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>KEITH T. BASS, JOHN/JANE DOE<br>ASSAILANT 1-10 and JOHN/JANE DOE<br>1-10 (fictitious names, real names<br>unknown),<br><br>            Third-Party Defendants | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>DOCKET NO.: 3:24-CV-09583<br><br>Civil Action<br><br>**AMENDED ANSWER AND THIRD-PARTY<br>COMPLAINT** |

        The defendant/third-party plaintiff, Costco Wholesale Corporation, by way of Amended Answer and Third-Party Complaint against third-party defendants, Keith T. Bass, John/Jane Doe Assailant 1-10 and John/Jane Doe 1-10 (fictitious names, real names unknown), avers as follows:

## FIRST COUNT

        1.      The defendant leaves the plaintiff to his proofs regarding the allegations against the defendant as set forth therein.

2. The defendant leaves the plaintiff to his proofs regarding the allegations against the defendant as set forth therein.

3. The defendant denies the allegations.

4. The defendant leaves the plaintiff to his proofs regarding the allegations against the defendant as set forth therein.

5. The defendant leaves the plaintiff to his proofs regarding the allegations against the defendant as set forth therein.

6. The defendant denies the allegations.

7. The defendant denies the allegations.

8. The defendant denies the allegations.

9. The defendant denies the allegations.

## SECOND COUNT

Defendant repeats and reiterates each and every answer given in the previous Count as though fully set forth at length herein.

10. The defendant leaves the plaintiff to his proofs regarding the allegations against the defendant as set forth therein.

11. Inasmuch as the allegations do not state a claim for relief against the defendant, no answer is given thereto.

12. Inasmuch as the allegations do not state a claim for relief against the defendant, no answer is given thereto.

## THIRD COUNT

Defendant repeats and reiterates each and every answer given in the previous Counts as though fully set forth at length herein

13.     The defendant leaves the plaintiff to his proofs regarding the allegations against the defendant as set forth therein.

14.     Inasmuch as the allegations do not state a claim for relief against the defendant, no answer is given thereto.

### FIRST SEPARATE DEFENSE

The accident and damages alleged in the Complaint resulted from the sole negligence of the plaintiff.

### SECOND SEPARATE DEFENSE

The accident and damages alleged in the Complaint resulted from the negligence of third parties over whom the defendant had no control.

### THIRD SEPARATE DEFENSE

The plaintiff was guilty of comparative negligence and such negligence was greater than the negligence of this defendant.  In the event such comparative negligence is adjudged to be not greater than the negligence of the defendant(s), this/these defendant(s) demands that the plaintiff(s) damages be diminished by the percentage of plaintiff's comparative negligence under the Comparative Negligence Act, N.J.S.A. 2A:15.5.1, et seq.

### FOURTH SEPARATE DEFENSE

The co-defendants are guilty of negligence which proximately contributed to the occurrence of the accident and damages alleged in the Complaint and thus is subject to the provisions of N.J.S.A. 2A:15-1, et seq.

### FIFTH SEPARATE DEFENSE

Defendant is not guilty of any negligence.

## SIXTH SEPARATE DEFENSE

The accident and damages alleged in the Complaint resulted from the concurrent negligence of the co-defendants and the plaintiff and were not caused or contributed to in any way by this defendant.

## SEVENTH SEPARATE DEFENSE

There is a lack of in personam jurisdiction over these parties because there is insufficiency of process and insufficiency of service of process.  The exercise of such jurisdiction over these parties is therefore in violation of these parties' rights under the Constitutions of the State of New Jersey and the United States of America and these parties reserve the right to move for dismissal of the pleading.

## EIGHTH SEPARATE DEFENSE

The Complaint is defective because of lack of jurisdiction of the Court over the subject matter alleged therein and/or lack of jurisdiction over the person of the defendant(s) and these parties reserve the right to move for dismissal of the pleading.

## NINTH SEPARATE DEFENSE

The cause of action alleged in the Complaint did not accrue at any time within two (2) years last before the commencement of this action, by virtue whereof the Statute of Limitations N.J.S.A. 2A:14-2, constitutes a bar to the maintenance of this action by the plaintiff.

## TENTH SEPARATE DEFENSE

Defendant hereby reserves the right to amend this Answer to assert additional Separate Defenses as revealed or suggested by the completion of ongoing investigation.

## ELEVENTH SEPARTE DEFENSE

Any and all damages alleged to have been suffered by plaintiff are not causally related to any act or omission alleged to be chargeable to defendant.

## TWELFTH SEPARTE DEFENSE

Although this defendant denies any negligence in this matter, if this defendant is found to have been negligent, such negligence was passive, imputed, and constructive, and this defendant's crossclaim for indemnification from the defendants whose negligence was and is primary, actual and direct.

## THIRTHEENTH SEPARTE DEFENSE

This defendant includes all separate defenses applicable to plaintiff which have been raised by any other co-defendant in the within matter as if fully set forth herein and makes the same, to such extend that it does not imply liability on the part of this defendant, jointly and severally, this defendant's defenses.

## FOURTEENTH  SEPARTE DEFENSE

The damages of the claimants, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

## FIFTEENTH SEPARTE DEFENSE

Plaintiff's injuries were exacerbated by and aggravated by their violation of the standards set forth in N.J.S.A. 39:3-76.2,et seq.

## SIXTEENTH SEPARTE DEFENSE

The defendant reserves the right to strike the Complaint for failure of the Plaintiffs to comply with R.4:37-2 in that the Summons was not issued within ten (10) days after the filing of the Complaint as required by R.4:4-1.

## SEVENTEENTH SEPARTE DEFENSE

Plaintiffs have failed to mitigate damages.

**EIGHTEENTH SEPARTE DEFENSE**

Any person who fails to maintain medical expense benefits coverage pursuant to - N.J.S.A.39:6A4.5 is barred from recovery of economic or non-economic loss sustained as a result of an accident while operating an uninsured motor vehicle.

**NINETEENTH SEPARTE DEFENSE**

The damages of the claimants, if any, are limited by the provisions of N.J.S.A.39:6A-8.

**TWENTIETH SEPARTE DEFENSE**

The defendant reserves the right to strike the Complaint for failure of the Plaintiffs to comply with N.J.S.A. 39:6A-8, in that the Plaintiff has failed, within sixty (60) days following the date of this defendant's answer to the Complaint, to provide the Defendant with a Certification from the licenses treating physician or a board certified licenses physicians to whom the Plaintiffs were referred by the treating physician.

**TWENTY FIRST SEPARTE DEFENSE**

Plaintiffs are not entitled to reimbursement of medical expenses in excess of Plaintiffs' applicable PIP limit which, after application of the fee schedules approved by the Commissioner of Banking and Insurance, total up to $250,000.00

Defendant reserves the right to move for an Order requiring that all outstanding medical expenses by calculated using the medical fee schedules as dictated by the Commissioner of Banking and Insurance and barring Plaintiff from the introduction of any evidence of any outstanding medical expenses which, after application of the medical fee schedules approved by the Commission of Banking and Insurance, total up to $250,000.00.

**TWENTY SECOND SEPARTE DEFENSE**

Plaintiffs have failed to maintain expenses benefits as mandated by N.J.S.A. 39:6A-4 and therefore their claims are barred by N.J.S.A. 39:6A-4.

## TWENTY THIRD SEPARATE DEFENSE

The defendant met all of his/her obligations to the plaintiff pursuant to any agreement in force between the parties at the time the cause of action herein arose.

## TWENTY FOURTH SEPARATE DEFENSE

The defendant breached no contract.

## TWENY FIFTH SEPARATE DEFENSE

Any negligence on the part of the answering defendant(s) was not the proximate cause of any damages or injuries alleged to have been sustained by the plaintiff(s).

## TWENTY SIXTH SEPARATE DEFENSE

The defendant(s) owed no duty to plaintiff(s) and, therefore, is not liable in tort.

## TWENTY SEVENTH SEPARATE DEFENSE

The plaintiff(s) was a mere trespasser and, therefore, defendant(s) owes no duty to the plaintiff(s) other than as charged by law.

## THIRT PARTY COMPLAINT

## BACKGROUND AND PARTIES

1. The underlying allegations, which form the basis of the plaintiff, Jeremy Rhen's, Complaint, involve an assault incident which occurred on September 1, 2022.

2. Plaintiff, Jeremy Rhen, was at the Costco Wholesale warehouse located at 4100 Quakerbridge Road, Township of Lawrence, County of Mercer and State of New Jersey when he was assaulted and battered by third-party defendants, Keith T. Bass, John/Jane Doe Assailant 1-10 and John/Jane Doe 1-10 (fictitious names, real names unknown) who were also present on said premises.

3. Third-Party Defendant, Keith T. Bass, resides at 1 Davies Ave. Township of Ewing, County of Mercer and State of New Jersey.

## COUNT ONE

1. Defendant/Third-Party Plaintiff repeats its allegations contained in the preceding paragraphs as if each were set forth at length herein.

2. On September 1, 2022, third-party defendants, Keith T. Bass, John/Jane Doe Assailant 1-10 and John/Jane Doe 1-10 (fictitious names, real names unknown) attacked, assaulted, battered and were otherwise negligent, grossly negligent, careless, reckless, and/or acted with willful and wanton disregard for the well being of the plaintiff, Jeremy Rhen, so as to cause him injury.

   **WHEREFORE**, the defendant/third-party plaintiff demands judgement seeking contribution from the third-party defendants, Keith T. Bass, John/Jane Doe Assailant 1-10 and John/Jane Doe 1-10 (fictitious names, real names unknown), in accordance with the provisions of the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq.

## COUNT TWO

1. Defendant/Third-Party Plaintiff repeats its allegations contained in the preceding paragraphs as if each were set forth at length herein.

2. While denying liability to the plaintiff for the accident and damages alleged, if judgment is recovered by the plaintiff against the defendants, it is hereby asserted that this defendant's negligence was merely constructive, technical, imputed or vicarious and that actions and damages of plaintiff arose through the direct and primary negligence of the third-party defendants, Keith T. Bass, John/Jane Doe Assailant 1-10 and John/Jane Doe 1-10 (fictitious names, real names unknown).

   **WHEREFORE**, the defendant/third-party plaintiff demands judgment, seeking indemnification from said third-party defendants, Keith T. Bass, John/Jane Doe Assailant 1-10 and John/Jane Doe 1-

10 (fictitious names, real names unknown), for all such sums as may be found due against defendant/third-party plaintiff in favor of the plaintiff, together with counsel fees and costs.

### REQUEST FOR STATEMENT OF AMOUNT OF DAMAGES CLAIMED

Pursuant to Rule 4:5-2, the defendant hereby request that the plaintiff furnish a written statement of the amount of damages claimed.

### DEMAND FOR INTERROGATORIES

The defendant hereby demands that the plaintiff supply answers to Uniform Form A Interrogatories pursuant to Rule 4:17-1(b).

### DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-2, the defendant hereby demand that the plaintiff serve a copy of any and all face sheets of applicable no fault insurance policies designating the tort threshold as of the date of the alleged accident within five (5) days following service hereof.

### JURY DEMAND

Please take notice that demand is hereby made by defendant/Third-Party Plaintiff for a trial by jury of six as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Robert A. Ballou, Jr., Esq.  is hereby designated as trial counsel.

### CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that I am not aware of the matter in controversy being the subject of any other action pending in any court or arbitration forum.  I certify that no such action or arbitration proceeding is presently contemplated.

### CERTIFICATION

The undersigned hereby certifies that the within pleading was served within the time period allowed by Rule 4:6-1.

GARVEY BALLOU


BY:      *Robert A. Ballou, Jr.*
          ROBERT A. BALLOU, JR
          Attorneys for Costco Wholesale Corporation


Dated: 5-16-25