# GARVEY BALLOU

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

1973 Route 34

Suite 204

WALL, NEW JERSEY 07719

(732) 341-1212

e-mail: thefirm@courthouselane.com

*Mailing Address:*

*P.O. Box 730*

*Allenwood, NJ 08720-0730*

ROBERT A. BALLOU, JR.**

SUZANNE WHITE BALLOU

SHANNON K. SALVATORIELLO **

GRAZIELLA P. NOBILE **

**MEMBER N.J. & N.Y. BARS

Robert A. Ballou, Jr.
Email: rballou@courthouselane.com
Direct dial: 732-359-7607

OUR FILE NO.    131.25793

May 8, 2026

Honorable Brendan Day, U.S.M.J.
U.S. District Court - Trenton
402 E. State Street
Trenton, NJ, 08608

> **Re:    Jeremy Rhen v Costco Wholesale Corporation**
> **Docket No.  3:24-CV-09583**

Dear Judge Day:

As you may recall, the undersigned represents the interests of the defendant, Costco Wholesale Corporation with regard to the above-captioned matter.  This correspondence is sent on behalf of Costco in compliance with your Honor's directive in your Text Order of April 7, 2026.  In that regard, pursuant to your Text Order, Costco was to confirm the existence of the following three categories of documents and whether it disputed the production of such documents:

1.  Written policies and procedures, guidelines, etc., for the Costco door greeters.

Response:  None in the possession of the Lawrence Township Costco warehouse.  In addition, while it is our understanding that there are no written policies as pertains to the Costco door greeters, we are nonetheless, checking with Costco Corporate to see if there are any in existence at the corporate level and will supply same should they exist.

2.  Reporting by Costco as pertains to the incidents listed in the Lawerence Township Police Department Dispatch Log obtained by plaintiff's counsel pursuant to an OPRA request.

Response:  Costco objects in that this request is overly broad, unduly burdensome and vague and not reasonably calculated to the lead to the admissibility of relevant evidence.  Costco will not be producing any reports regarding the police dispatch log, which in and of itself, does not in any way mandate that any reporting should have or would have been done by Costco in the first instance.

I have enclosed the log for your Honor's ready reference.  Note that this matter involved a September 1, 2022 assault <u>inside</u> the Costco warehouse.  The log does not contain a single prior

GARVEY BALLOU
May 8, 2026
Page No. 2

assault such that it is Costco's position that the log is irrelevant and other instances of completely dissimilar facts, event and crimes have no relevancy in fact or law to the incident herein.    In addition, Costco has already indicated, in response to Supplemental Interrogatories, that there are no prior similar attacks at this location for the five years preceding September 1, 2022.

3.  Documentation as to why the membership card scanners were implemented.

Response:  Costco maintains all previous objections as to the production of the materials for the implementation of the membership card scanners.  Notwithstanding, said objections, and without waiving same, Costco does not have any documents in its possession regarding the implementation of the membership card scanners for crime prevention.

Costco also adds the following, this incident occurred in September 2022, the membership card scanners were introduced into the Lawrence warehouse several years _after_ the plaintiff's assault and with absolutely no connection of any kind to the assault involving the plaintiff.  The scanner was not put in place as a response to crime at this warehouse or any warehouse in the country.  It bears repeating, the scanner was not in place at the time of the plaintiff's incident.

Specifically, Costco's position is and always will be that the scanner implementation had nothing to do with crime prevention either at the Lawrence warehouse in question or warehouses generally. Rather, the membership scanner was implemented to provide a more efficient way to check memberships at the door, including providing a better photograph of the member for the human at the door to see. No background check is done, nor can one legally be done given the legal prohibitions that prohibit collection of data regarding consumers. Again, the membership scanner was put in place as part of Costco making its business operations more efficient.

The only data collected is a "headcount" which is stored by Costco and retained locally at the entrance terminal for only 30 days and then deleted. The scanners also provide efficiency because they provide for real-time flagging of members who have an expired membership or an executive hold placed on a membership because they bounced a check.

I trust the above satisfies the mandates of the Text Order.  I thank the Cout for its attention to this matter.

Respectfully submitted,

*Robert A. Ballou*

ROBERT A. BALLOU, JR

RAB/sks
Encl.
cc:  Ann McDonald (Your File No. 003632-658689-GB-01)
     Thomas Manzo, Esq.