**GARVEY BALLOU**

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1973 Route 34
Suite 204
WALL, NEW JERSEY 07719
(732) 341-1212
e-mail: thefirm@courthouselane.com
*Mailing Address:*
*P.O. Box 730*
*Allenwood, NJ 08720-0730*

ROBERT A. BALLOU, JR.**
SUZANNE WHITE BALLOU
SHANNON K. SALVATORIELLO **
GRAZIELLA P. NOBILE **

**MEMBER N.J. & N.Y. BARS

Robert A. Ballou, Jr.
Email: rballou@courthouselane.com
Direct dial: 732-359-7607

OUR FILE NO. 131.25793

October 1, 2026

Honorable Brendan Day, U.S.M.J.
U.S. District Court - Trenton
402 E. State Street
Trenton, NJ, 08608

Re: Jeremy Rhen v Costco Wholesale Corporation
Docket No.: 3:24-CV-09583

Dear Judge Day:

The random assault at the Lawrence Township Costco Warehouse in this case on September 1, 2022, was captured on video, which plaintiff has in his possession. The plaintiff's sole claim in the action is that Costco was negligent in "failing to provide proper security" for invitees like the plaintiff. Dkt. 1-2 ¶ 7. Although plaintiff alleges in his Complaint, Dkt. 1-2 ¶ 6, that his assailant was a known trespasser, no one ever identified his assailant. The plaintiff never positively identified his assailant, and neither did the Lawrence Township Police Department, which eventually suspended the investigation because there were no more leads. See Ex. A, Police Report, at 1, 4, 7. Costco has answered the plaintiff's discovery, comprising 60 requests for production with 11 subparts and 25 interrogatories with 8 subparts. Costco has repeatedly offered the testimony of its corporate designee, warehouse manager John VanBurger, since August 2025, but plaintiff has declined to take that testimony. See Dkts. 17 at 1, 26 at 2; 32; 40.

Instead, plaintiff insists that Costco must produce further extensive discovery concerning "membership scanning devices." Costco has already formally responded that it did not use membership scanners until after July 2024, nearly two years after the plaintiff's assault. See Ex. B, Membership Scanners at Warehouse Entrances (July 12, 2024); see also Dkt. 34 ("membership card scanners were introduced several years after the plaintiff's assault and with absolutely no connection of any kind to the assault involving the plaintiff."). Indeed, having failed to positively identify his assailant, plaintiff cannot maintain the argument that this discovery is relevant to "non-member entry and refusal to vacate," as it is not known by plaintiff or anyone for that matter if the assailant was a member, a guest of a member, or a nonmember lawfully present to use the pharmacy, food court, or to use a gift card. Dkt. 47 at 4. Plaintiff never comes out and says how exactly Costco could have or should have used membership scanners to "prevent unverified persons," whatever that means, "from entering the premises." Dkt. 48 at 7. But, plaintiff's implication seems to be that Costco should have kept people like his assailant–in ways that he refuses to state to this Court–out of Costco; that Costco should screen the actual identity of those it admits and refuse entry to some and not others, exceeding the very security measures taken by this Honorable Court.

Plaintiff has never articulated, and still cannot articulate in his motion to compel, what possible relevance documents about a measure introduced two years after the incident in this case could have to a claim or defense in this action, as Rule 26 requires. *See Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, 2022 U.S. Dist. LEXIS 185462, at *131 (D.N.J. Oct. 7, 2022) ("parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."). In fact, applicable law compels the opposite result. *See Serure v. Sheehan*, 2015 N.J. Super. Unpub. LEXIS 1689, 2015 WL 4250943 (N.J. Super. Ct. App. Div. July 15, 2015) (affirming the grant of summary judgment to the defendant retailer after the plaintiff was randomly assaulted by another shopper).

Nor does plaintiff cite any apposite authority in support of the proposition that the discovery he seeks is somehow proportional to the needs of this case–or in support of any proposition in his motion to compel, for that matter. See *Roberts, J.*, 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY (Dec. 31, 2015) ("lawyers must size and shape their discovery requests to the requisites of a case" and "eliminate unnecessary or wasteful discovery" by "careful and realistic assessment of actual need.")

Yet, the plaintiff, undeterred, insists that it is somehow relevant and proportional to the needs of this case to compel the production of numerous, extensive categories of irrelevant and disproportionate discovery, that he does not even provide for the Court's review: records of "testing and implementing membership scanning devices"; that "relate to any Costco warehouse utilized as a pilot site, beta-test environment, controlled test environment, field test location, or proof-of-concept site during the development, evaluation, or deployment of membership scanning devices"; of "materials disseminated to employees regarding the testing, deployment, or operation of membership scanning devices"; "implementing the procurement strategy relating to the development and implementation of the membership scanning and/or membership tracking"; "procurement strategy relating to the development and implementation of the membership scanning devices"; "corporate trainings that were created for the purpose of training employees to deploy the membership scanning devices"; and "selection process for selecting a test site location, including but not limited to, the utilization of any market consumer data, warehouse security data, cost benefit analyses, and loss prevention analyses utilized to select each warehouse used as a test site location." See Ex. C, Supplemental Notice to Produce Nos. 3, 4, 5 (Dec. 12, 2025); Dkt. 49 at 3, 8, 9 (seeking to compel responses); Ex. D, Supplemental Interrogatories Nos. 8, 9, 10, 12 (Apr. 7, 2025); Dkt. 49 at 3, 9 (seeking to compel responses). These discovery requests are plainly irrelevant and disproportionate under Rule 26. The motion should be denied.

**BACKGROUND**

Plaintiff served their initial 15 interrogatories, 16 supplemental interrogatories, and 52 requests for production on April 7, 2025. *See* Exs. F, C, G; Dkt. 9 at 1. Costco responded to all the plaintiff's discovery requests, and on November 17, 2025 plaintiff requested Costco supplement its responses. Dkt. 24 at 1. On December 12, 2025, plaintiff served 8 supplemental requests for production. Ex. C, Dkt. 26 at 1. On February 17, 2026, plaintiff demanded responses to the request for supplementation and the supplemental requests for production and requested permission to file a motion to compel. Dkt. 28 at 1. Costco provided responses on February 20, 2026. In its responses, Costco stated that members may enter by displaying their membership cards, and nonmembers can enter as guests of members, to use a gift card, enter the pharmacy, or go to the food court. On April 6, 2026, Costco stated that it would not further supplement its discovery responses. Dkt. 32.

On May 8, 2026, as directed by the Court, Costco stated that "there are no written policies as pertains to Costco door greeters"; "there are no prior similar attacks at this location for the five years preceding September 1, 2022"; and "Costco does not have any documents in its possession regarding the implementation of the membership card scanners for crime prevention." Dkt. 34 at 1-2. On July 31, 2026, Costco advised that it had supplemented its production with a job description for the door greeter position, but continued to object to discovery concerning the membership scanners. Dkt. 42 at 2. The Court ordered a status conference which was convened on September 1, 2026. Dkt. 47. The Court thereafter ordered the parties to brief the issues in respect of the motion to compel the membership scanners, and directed plaintiff to notice the deposition of Costco's corporate designee. Dkt. 48. Costco has repeatedly offered the testimony of its corporate designee, warehouse manager John VanBurger, since August 2025, but plaintiff has declined to take that testimony. See Dkts. 17 at 1, 26 at 2; 32; 40.

**LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." F.R.C.P. 26(b)(1). "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Committee Notes on Rules—2015 Amendment.

Federal Rule of Civil Procedure 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner" and "is designed to curb discovery abuse." Fed. R. Civ. P. 26(g) advisory committee's notes (1983). It imposes a certification obligation on each attorney to "stop and think about the legitimacy of a discovery request." *Id.* After all, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26(b) advisory committee's notes (2015).

## ARGUMENT

### I. Membership scanners are not relevant to the plaintiff's claims under New Jersey law.

The issue of the membership scanners is not relevant to any of plaintiff's claims, as Rule 26(b)(1) requires. The plaintiff's claim in this case is a premises liability claim. There is no prior history of assaults inside this Costco warehouse, so there is no argument Costco should have foreseen a risk of assault to plaintiff generally (and used scanners to somehow prevent this). No one has ever positively identified the plaintiff's assailant, so there is no argument that Costco should have foreseen a risk of assault to plaintiff specifically, either (and used scanners to refuse the assailant entry). In

fact, the membership scanners were installed **two years after this incident**, so there is no argument that information about them they show anything about this warehouse or this specific incident.

Plaintiff only arguments for the relevance of this discovery about membership scanners, such as they are, is that it is relevant "to the control Costco has over the persons who enter its store"; "because it will show whether Costco's pre-testing assumptions were confirmed, modified, or rejected during live testing and how those findings ultimately informed implementation at Warehouse #1199"; and to "how Costco ultimately defined and implemented the membership verification function for employees." Dkt. 49 at 4, 9. Again, it is not clear what plaintiff is driving at, and how it relates to his claim that Costco failed to provide adequate security. In his sole citation to the record in support thereof, plaintiff claims, without any citation to the record, that the police report shows "confirms costs individuals entering the store are in fact monitored by Costco, tracked while shopping, and at times can be banished from future presence on Costco property." Dkt. 49 at 4. Plaintiff does not cite a specific record because he cannot–there is no such indication in the record.

In any event, "[i]t has historically been held that individuals, including business premises owners, are not generally responsible for the criminal acts of others." *Desir, Estate of ex rel. Estiverne v. Vertus*, 214 N.J. 303, 308, 69 A.3d 1247, 1249 (2013); *see also* Restmt. (2d) of Torts § 344 cmt. f (1965) ("Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur."). As to an owner's liability to prevent third-party criminal conduct on the premises, New Jersey applies a "totality of the circumstances" analysis, as recited in the Restatement. *Serure*, 2015 N.J. Super. Unpub. LEXIS 1689, at *7 (citations omitted). "This standard encompasses all matters considered by a reasonably prudent person, and incorporates fairness considerations for imposing a duty, the foreseeability of the third-party conduct, and "whether the

premises owner exercised reasonable care under the circumstances." *Id.* (citations, alterations omitted).

Applying the foregoing, New Jersey Courts have been unsympathetic to claims like the plaintiff's that a store like Costco should have somehow been on notice or done more to prevent the altercation in this case, without a history of similar crimes at this location or immediately adjacent. *See Higgins v. Holiday Inn & Conf. Ctr.*, 2017 N.J. Super. Unpub. LEXIS 857, 2017 WL 1228848 (N.J. Super. Ct. App. Div. Apr. 4, 2017) (affirming the grant of summary judgment to the defendant after the plaintiff was injured during a robbery outside a hotel); *White v. Getty Petroleum Mktg*., 2016 N.J. Super. Unpub. LEXIS 136, (N.J. Super. Ct. App. Div. Jan 25, 2016) (affirming the grant of summary judgment to the defendant after the plaintiff was shot at a gas station); and *Serure,* 2015 N.J. Super. Unpub. LEXIS 1689 (affirming the grant of summary judgment to the defendant after the plaintiff was injured during a physical altercation with another shopper at a retail store).

Here, as in *Serure,* another case that involved a plaintiff claiming a store should have known that a fight with another shopper would ensue, there is no evidence to suggest a "previous pattern of criminal conduct occurred in the store or its general vicinity. The brief verbal interaction between plaintiff and Sheehan, even if loud and laced with vulgarities, offers slim evidence and did not hint that Sheehan's impatience and argumentativeness might escalate to violence." *Serure,* 2015 N.J. Super. Unpub. LEXIS 1689 at *7. Thus, the *Serure* Court concluded that the evidence "does not come close to the sort of proof necessary to give rise to defendant's duty to act to prevent the attack. A reasonable jury could not conclude Sheehan's criminal conduct was likely to occur." Simply, the extensive requested discovery concerning membership scanners introduced two years after this incident are not relevant to the plaintiff's claim that Costco was somehow negligent for the random assault that took place in its warehouse. The motion should be denied.

**II. The requested discovery is not proportional to the needs of this case.**

Every factor under Rule 26(b)(1) militates against compelling this discovery. First, regarding "the importance of the issues at stake in the action," the outcome of this litigation will only impact Plaintiff and Costco. There is no broader issue at stake "as measured in philosophic, social, or institutional terms" that "may have importance far beyond the monetary amount involved." Notes of Advisory Committee on Rules—1980 Amendment. The issues for trial will be negligence and damages in this single plaintiff assault case. This is not a class action lawsuit or litigation involving a novel issue that will impact the community.

Second, concerning the "amount in controversy," this is not multi-million-dollar litigation that would justify expansive discovery. The plaintiff's requests, which are not limited in geographic or temporal scope or to the issues in this case, cannot be characterized as "discrete" with a straight face. Dkt. 49 at 5.

Regarding the access factor, the Advisory Committee counsels that often "the burden of responding to discovery lies heavier on the party who has more information," which can include "information that is more difficult to retrieve" Committee Notes on Rules—2015 Amendment. Here, plaintiff demands Costco undertake extensive efforts to secure information and produce documents concerning information that bears tangentially to this case of an assault that was recorded on video. Costco has already largely complied with those efforts, and made its employees available to testify–including about how members can enter this warehouse–but plaintiff still demands more. This is not proportional.

Fourth, concerning the party's resources, "consideration of the parties 'resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party … the court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent." Committee Notes on Rules—2015 Amendment. Plaintiff

claims that Costco can conduct a “targeted search” for the relevant documents, but it is obvious from the scope that it cannot be targeted. Dkt. 49 at 6. Further document productions are not proportional.

Fifth, documents cannot and will not resolve the issues in this case: they have no import. As noted multiple times, plaintiff already has video of the incident, police reports, and Costco’s discovery responses. Those documents, along with witness testimony, will be everything the jury needs to resolve the liability issues presented in this random assault case. Additional documents from Costco’s corporate offices will not shed any further light on whether Costco was somehow negligent when a random assailant attacked plaintiff. The demands are burdensome, the preparation is costly, the benefit to plaintiff is low. This burdensome discovery is not proportional.

Sixth, the burden significantly outweighs the benefit insofar as Costco will be required to incur the costs of production; the further discovery demanded is irrelevant to the plaintiff’s claims and cumulative to the documents and testimony produced to him already. After all,“[D]iscovery cannot be used as a vehicle for discovering a right of action.” 4 Moore’s Federal Practice par. 26.56[1], at 26-95 n.3 (1987). Here, the plaintiff has merely repeated the incantation that the designee testimony sought is “relevant” See Dkt. 49 at 4, 5. He has made no particularized showing that the information is, in fact, relevant, and why he needs it to prosecute his action despite having all the relevant documents in his possession already. But, he has not, to date, actually explained “the ways in which the underlying information bears on the issues.” Committee Notes on Rules—2015 Amendment. The discovery demands are not proportional.

The inapposite authority cited by plaintiff makes this clear. This is a single plaintiff case involving an assault at a single warehouse that had none prior. *Bell v. Lockheed Martin Corp*., 270 F.R.D. 186, 194 (D.N.J. 2010) was a class action concerning company-wide gender discrimination, where company-wide discovery was allowed. *See* Dkt. 49 at 7. *Younes v. 7-Eleven, Inc*., 312 F.R.D. 692, 699-700 (D.N.J. 2015) concerned consolidated litigation involving four 7-11 franchisees who

alleged that 7-11 had a corporate policy of targeting franchisees throughout southern New Jersey for termination under the name "Operation Philadelphia" or "Project P." Dkt. 49 at 6. Again, there were numerous plaintiffs alleging a company-wide fraud. Not so here: there is only the single plaintiff, and a single assault, in a single warehouse.

**CONCLUSION**

For the foregoing reasons, the motion to compel should be denied.

Very truly yours,

s/ Robert A. Ballou, Jr
ROBERT A. BALLOU, JR

RAB/dh

cc: Craig J. Hubert, Esq.